1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENE HARO,<br><br>                     Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 13-09319-JEM<br><br>MEMORANDUM OPINION AND<br>ORDER AFFIRMING DECISION OF<br>THE COMMISSIONER OF SOCIAL<br>SECURITY |

**PROCEEDINGS**

On December 18, 2013, Rene Haro ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits.  The Commissioner filed an Answer on April 14, 2014.  On July 11, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Rene Haro is a 56-year-old male who applied for Social Security Disability and Disability Insurance benefits on February 15, 2006, alleging disability beginning March 11, 2004.  (AR 13, 596.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 11, 2004, the alleged onset date.  (AR 15, 599.)

Plaintiff's claim was denied initially on August 2, 2006 and on reconsideration on March 15, 2007.  (AR 13.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") John C. Tobin on September 10, 2007, in Palmdale, California.  (AR 13.)  Claimant appeared and testified at the hearing with the assistance of a professional Spanish interpreter.  (AR 13.)  Vocational expert ("VE") Gregory S. Jones appeared and testified at the hearing.  (AR 13.)

The ALJ issued an unfavorable decision on September 26, 2007.  ( AR 13-23, 596.)  The Appeals Council denied review on November 12, 2009.  (AR 5-7.)

Plaintiff Rene Haro brought an action for review of the final decision of the ALJ. Haro v. Astrue, CV 10-00805 JEM.  After briefing by the parties, the Court remanded for further proceedings.  (AR 611.)  The Appeals Council remanded the matter to the ALJ. (AR 608-630.)

ALJ Tobin reassumed jurisdiction over the matter once again.  (AR 631-650.)  ALJ Tobin conducted an oral hearing on remand on June 28, 2011 in Palmdale, California. (AR 597.)  Plaintiff testified at the hearing and was represented by counsel.  (AR 597.) ALJ Tobin published an unfavorable decision on remand on September 22, 2011.  (AR 596-607.)  Plaintiff filed exceptions to the ALJ decision on remand on October 3, 2011. (AR 549-592.)  The Appeals Council declined jurisdiction over the ALJ decision on October 10, 2013.  (AR 539-542.)  The second decision by ALJ Tobin thereupon became the final decision of the Commissioner which is challenged here.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.     Whether the ALJ properly considered the limitations on use of the right upper extremity.

2.     Whether the ALJ properly considered the vocational meaning of "repetitive."

3.     Whether the ALJ properly considered the testimony and statements of Rene Haro.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

1  impairment which can be expected to result in death or . . . can be expected to last for a

2  continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A),

3  1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to

4  determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

5      The first step is to determine whether the claimant is presently engaging in

6  substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the

7  claimant is engaging in substantial gainful activity, disability benefits will be denied.

8  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether

9  the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at

10  746.  An impairment is not severe if it does not significantly limit the claimant's ability to

11  work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

12  is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

13  of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

14  listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S.

15  at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant

16  from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

17      Before making the step four determination, the ALJ first must determine the

18  claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is

19  "the most [one] can still do despite [his or her] limitations" and represents an assessment

20  "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The

21  RFC must consider all of the claimant's impairments, including those that are not severe.

22  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

23      If the claimant cannot perform his or her past relevant work or has no past

24  relevant work, the ALJ proceeds to the fifth step and must determine whether the

25  impairment prevents the claimant from performing any other substantial gainful activity.

26  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of

27  proving steps one through four, consistent with the general rule that at all times the

28  burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d

at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

### THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 11, 2004, the alleged onset date.  (AR 599.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: right shoulder injury status post surgery, left shoulder degenerative joint disease, degenerative disc disease of the lumber spine, obesity, anxiety disorder, NOS (not otherwise specified), and deficient to borderline range of intellectual functioning.  (AR 599.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 599-601.)

The ALJ then found that Plaintiff has the RFC to perform light work with the following limitations:

> . . . lift and carry 20 pounds occasionally and 10 pounds frequently, he needs a sit/stand option to the extent that within an hour he needs to have the opportunity to sit for 5-10 minutes, occasional kneeling, crouching or crawling, no overheard reaching with the bilateral upper extremities, and frequent but no repetitive reaching at the shoulder level, pushing or pulling with the right dominant upper extremity.

1    Mentally, Claimant has a mild to moderate impairment in attention and
2    concentration that would limit Claimant to simple and repetitive tasks
3    with minimal changes in the work environment.

4  (AR 601-605.)  In determining this RFC, the ALJ made an adverse credibility
5  determination.  (AR 604-605.)

6       At step four, the ALJ found that Plaintiff is unable to perform his past relevant work
7  as a numerical control machinist.  (AR 605.)  The ALJ, however, also found that,
8  considering Claimant's age, education, work experience, and RFC, there are jobs that
9  exist in significant numbers in the national economy that Claimant can perform, including
10  occupations such as bench assembler, electronics worker, and hand packer.  (AR 606.)

11       Consequently, the ALJ found that Claimant was not disabled, within the meaning
12  of the Social Security Act.  (AR 606.)

13                              **DISCUSSION**

14       The ALJ decision must be affirmed.  The ALJ's RFC limitation to "frequent but no
15  repetitive reaching at the shoulder level, pushing or pulling with the right dominant upper
16  extremity" is supported by substantial evidence.  The ALJ's hypothetical question to the
17  VE was proper.  The ALJ properly discounted Plaintiff's credibility.

18       The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability
19  determination is supported by substantial evidence and free of legal error.

20  **I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

21       Plaintiff contends that the ALJ erred in determining that he could engage in
22  frequent rather than occasional reaching at the shoulder level, pushing or pulling with the
23  right dominant upper extremity.  The Court disagrees.

24       **A.    Relevant Federal Law**

25       The ALJ's RFC is not a medical determination but an administrative finding or
26  legal decision reserved to the Commissioner based on consideration of all the relevant
27  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
28  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must

                                    6

consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v.

1  Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is
2  contradicted by another physician's opinion, an ALJ must provide specific and legitimate
3  reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by
4  itself constitute substantial evidence that justifies the rejection of the opinion of either an
5  examining physician or a treating physician"; such an opinion may serve as substantial
6  evidence only when it is consistent with and supported by other independent evidence in
7  the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

8     **B.     Analysis**

9        This Court's prior opinion held that the ALJ did not properly evaluate Dr. Mark
10  Pierce's opinion on Claimant's mental impairments.  The ALJ's RFC contained only the
11  mental limitation of "mild to moderate impairment in attention and concentration."  (AR
12  16.)  Dr. Pierce, however, had opined that Plaintiff "retains the cognitive capacity to
13  complete only simple and repetitive vocational skills and to adapt to minimal changes in
14  a work environment . . . [H]e would have mild-to-moderate difficulty working with others .
15  . . [and] can remember and comply with simple one and two part instructions."  (AR 200.)
16  The ALJ did not give any weight to these uncontradicted additional limitations but failed
17  to cite any conflicting medical evidence.  Hence, this Court determined that the ALJ did
18  not properly evaluate Dr. Pierce's opinion or provide clear and convincing reasons for
19  rejecting his opinion.

20        On remand, the ALJ as instructed reevaluated Dr. Pierce's opinion and found that
21  Claimant has "a mild to moderate impairment in attention and concentration that would
22  limit the Claimant to simple and repetitive tasks with minimal changes in the work
23  environment."  (AR 603.)  These limitations are contained in the ALJ's RFC.  (AR 601.)
24  Plaintiff does not contest the adequacy of the ALJ's reassessment of Dr. Pierce's opinion
25  or the sufficiency of the mental impairment limitations now contained in the ALJ's RFC.

26        The Court's prior decision left all other issues open and Plaintiff now challenges
27  the ALJ's upper extremity limitations in his RFC.  The ALJ found that Plaintiff suffers
28  from the medically determinable severe impairments of right shoulder injury status post

surgery; left shoulder and degenerative disc disease of the lumbar spine.  (AR 599.)
The ALJ then assessed RFC limitations of "no overhead reaching with the bilateral upper
extremities, and frequent but no repetitive reaching at the shoulder level, pushing or
pulling with the right dominant upper extremity."  (AR 601.)  These limitations were
based in part on the opinion of Dr. Ronald Perelman, Plaintiff's workers' compensation
treating physician.  Dr. Perelman assessed "work restriction of no heavy lifting and
repetitive pushing, pulling and above shoulder activities with the right shoulder, and no
above shoulder activities with the left shoulder."  (AR 18.)  In the prior decision, the ALJ
imposed RFC limitations of "no bilateral overhead reaching, no repetitive forceful
pushing/pulling with the right dominant hand."  (AR 16.)  The ALJ gave weight to
Dr. Perelman's opinion.  (AR 19, 20.)  After the hearing on remand, the ALJ's RFC was
revised to include a limitation to "<u>frequent</u> but no repetitive reaching at the shoulder level,
pushing or pulling with the right dominant upper extremity."  (AR 601.)  (Emphasis
added.)  With this limitation, the VE testified that Plaintiff could perform the jobs of bench
assembler (DOT 706.684-022), electronics worker (726.687-010) and hand packer
(559.687-074).

Plaintiff contends that the ALJ erred by misconstruing Dr. Perelman's workers'
compensation opinion to permit "frequent" reaching at the shoulder level with the right
arm.  He contends that the limitation should have been "occasional" rather than frequent.
The VE testified that an occasional reaching limitation would preclude the jobs identified
above.  (AR 686.)  Terms of art used in workers' compensation proceedings are not
equivalent to Social Security disability terminology.  <u>Desrosiers v. Secretary of Health &
Human Services</u>, 846 F.2d 573, 576 (9th Cir. 1988); <u>Macri v. Chater</u>, 93 F.3d 530, 544
(9th Cir. 1996); <u>Booth v. Barnhart</u>, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002).  The
ALJ must "translate" terms of art contained in workers' compensation medical reports
and opinions into corresponding Social Security terminology in order to assess that
evidence for Social Security disability determinations.  <u>Id.</u> at 1106.  Here, Plaintiff
contends that California law defines "repetitive" activity as representing a 50% of the

time or more of a particular function.  See 8 California Code of Regulations § 5110; 8 California Code of Regulations § 45 Table 1-B; Schedule For Rating Permanent Disabilities (Dept. of Ind. Rels 1997) at 2-14.  Thus, Plaintiff contends that Dr. Perelman when using the term "repetitive" contemplated and meant a 50% or more loss of the ability to reach, push or pull with the right shoulder.  Plaintiff then argues that "repetitive" would include all frequent activity which would be precluded.

Plaintiff, however, does not explain how or why use of California workers' compensation terminology for "repetitive" necessarily would include all "frequent" reaching.  The workers' compensation definition presented by Plaintiff does not mention frequent.  In Social Security terminology, "occasional" means up to one-third of the time, and "frequent" means one-third to two-thirds of the time.  SSR 83-10, 1983 WL 31251*5. Thus, Plaintiff's definition of repetitive would not include all frequent activity, only jobs that would require activity ranging from 50% to 67% of the time.  The VE eroded the occupation base significantly for each job which would account for jobs exceeding activity of 50 percent or more.  (AR 606.)  He eroded the bench assembler position by 75%, the electronics worker position by 50% and the hand packer position by 75%.  (AR 606.)  The ALJ plainly did not err in limiting Plaintiff to "frequent" reaching with the right arm and right upper extremity.

Plaintiff's argument also loses force by the assertion that the ALJ assumed that Dr. Perelman used the term "repetitive" to mean a range of "constant" activity and that the ALJ used the term "repetitive" as inclusive of both frequent and constant.  The Court can find nothing in either of the ALJ's opinions to suggest that the ALJ meant "repetitive" to include both frequent and constant.  Indeed, in Social Security terminology, "constant" is defined to mean two-thirds or more of time.  In view of the fact that "frequent" and "constant" have different interpretations, Plaintiff's argument is plainly a reach.  At best, "repetitive," using Plaintiff's definition, only partially covers the level of activity defined as "frequent."

The ALJ, moreover, did not rely solely on Dr. Perelman's opinion for the limitation to "frequent" reaching, pushing or pulling with the right shoulder. The ALJ also relied on Dr. Rajeswari Kumar who conducted an orthopedic consultative examination of Plaintiff on May 22, 2006 and found only mild degenerative disc disease of the spine (AR 604-605) and normal and pain free range of motion of the lumbar spine. (AR 605.) Dr. Kumar also found normal range of motion in the shoulders except for mildly limited right shoulder flexion and abduction. (AR 18.) Impingement sign was positive in the shoulders but Claimant had normal motor strength and sensation in the bilateral upper extremities. (AR 18.) Dr. Kumar assessed a medium work RFC with only occasional overhead activities with the bilateral extremities. (AR 18.) He did not assess any reaching limitations. The ALJ also relied on Dr. Mitchell Silverman on July 18, 2005 who found normal range of motion of the bilateral shoulders except for mildly limited right shoulder internal and external rotation, positive right shoulder infringement sign and normal motor strength of the bilateral shoulders and upper extremities. (AR 17.)

There also was objective evidence in the record supporting the ALJ's limitation to "frequent" reaching, pushing or pulling with the right shoulder. An MRI of Plaintiff's lumbar spine returned mild findings. (AR 18.)

Plaintiff does not dispute this additional evidence and barely discusses it. The ALJ's RFC limitation to "frequent" reaching, pushing or pulling for the right shoulder and right upper extremity is supported by substantial evidence.

## II.  THE ALJ'S HYPOTHETICAL QUESTION TO THE VE WAS PROPER

Plaintiff challenges the ALJ's hypothetical question to the VE who identified several jobs that someone with Plaintiff's RFC could perform. (AR 682-85.) The ALJ's question to the VE included limitations to "bilaterally, no overhead reaching; with the right dominant hand, frequent but no repetitive reaching, pushing/pulling." (AR 683.) Each of the jobs identified by the VE require frequent reaching, handling and fingering. (AR 685-686.) None of the occupations require repetitive or constant activity according to the DOT. Plaintiff argues that the VE may have departed from the DOT but as

1 | explained the VE eroded the occupational bases of each of the jobs identified which

2 | accounts for the extent to which "repetitive" would include some frequent activity.

3 | Plaintiff also repeats his argument that "repetitive" would include "frequent" activity, i.e.,

4 | *all* frequent activity.  The Court already has rejected that argument.

5 |     The ALJ's hypothetical argument to the VE was proper and the VE's response, by

6 | eroding the occupational base for the three jobs identified, accounted for the fact that

7 | Plaintiff's definition of "repetitive" would include some but not all "frequent" activity.

8 | There was no error.

9 | **III.   THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

10 |     Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective

11 | symptom testimony.  The Court disagrees.

12 |     **A     Relevant Federal Law**

13 |     The test for deciding whether to accept a claimant's subjective symptom testimony

14 | turns on whether the claimant produces medical evidence of an impairment that

15 | reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell

16 | v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722;

17 | Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's

18 | testimony on the severity of symptoms merely because they are unsupported by

19 | objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If

20 | the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make

21 | findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set

22 | forth "findings sufficiently specific to permit the court to conclude that the ALJ did not

23 | arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins v.

24 | Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless

25 | there is evidence of malingering, the ALJ can reject the claimant's testimony about the

26 | severity of a claimant's symptoms only by offering "specific, clear and convincing

27 | reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.

28 |

1   The ALJ must identify what testimony is not credible and what evidence discredits the
2   testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

3       **B.    Analysis**

4       In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically
5   determinable impairments reasonably could be expected to cause some of his alleged
6   symptoms.  (AR 604.)  The ALJ, however, also found that Plaintiff's statements
7   regarding the intensity, persistence and limiting effects of these symptoms were "not
8   credible" to the extent inconsistent with the ALJ's RFC.  (AR 604.)  Because the ALJ did
9   not make a finding of malingering, he was required to provide clear and convincing
10  reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80
11  F.3d at 1283-84.  The ALJ did so.

12      First, the ALJ in his prior decision found that Plaintiff's allegations were
13  inconsistent with the objective medical record and his medical treatment.  (AR 21.)  An
14  ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a
15  claimant's alleged pain symptoms so long as it is not the only reason for discounting a
16  claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  The ALJ
17  summarized the medical evidence in both opinions and assessed a light work RFC that
18  does not preclude all work.  Plaintiff does not challenge the ALJ's amended mental
19  limitations.  Plaintiff repeats his assertion that he only can occasionally reach, push or
20  pull with his right shoulder but the Court has already rejected this argument.

21      Second, the ALJ noted that Claimant admitted he did not seek mental health
22  treatment until just before the June 28, 2011 hearing.  (AR 604.)  He also found that
23  Claimant failed to allege any obstacles preventing him from seeking mental health
24  treatment.  (AR 604-05.)  The ALJ may consider lack of treatment, Burch, 400 F.3d at
25  681, or an unexplained or inadequately explained failure to seek treatment in assessing
26  credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).  Plaintiff did not
27  address this issue.

28

Third, the ALJ found that Claimant worked as an in-home care provider for his mother for three or four years.  (AR 605, 669-70, 676.)  He takes his mother to the grocery store, helps her pick up the groceries and takes her to the doctor.  (AR 605.) This work is inconsistent with Plaintiff's statements that he was unable to concentrate, drive more than ten minutes, stand more than 45 minutes and sit more than an hour. (AR 512-14, 670, 673-674.)  The ALJ concluded that Plaintiff's work activity shows that he is not as physically or mentally limited as he claims.  (AR 605.)  An ALJ may consider inconsistency between a claimant's testimony and his conduct in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997).  Plaintiff argues that his efforts to work should not be held against him but offers no case authority or explanation why that should be so when those work efforts are plainly inconsistent with his allegations of disabling symptoms.

Fourth, the ALJ found that Claimant told his doctor that he is able to dress and bathe himself, perform household chores, go shopping, do cooking, drive and pay his own bills and handle his own money.  (AR 605.)  The ALJ concluded that these daily activities show that he is not as physically or mentally limited as he claims.  (AR 605.) The ALJ may consider daily activities inconsistent with disabling symptoms in considering credibility.  Bunnell, 947 F.2d at 345-46.  Plaintiff argues that the ALJ did not demonstrate that these activities indicate greater function but even so these activities suggest that the alleged severity of Plaintiff's limitations have been exaggerated.  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but it is the ALJ who is responsible for resolving ambiguities in the record. Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility as to any limitations beyond those assessed in the ALJ's RFC.

* * *

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: September 30, 2014                              _____*/s/ John E. McDermott*_____
                                                                          JOHN E. MCDERMOTT
                                                                          UNITED STATES MAGISTRATE JUDGE